IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOROTHY MATTHEWS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 05-0570-WS-C |
| | ) |
| **ALASKA SEABOARD PARTNERS** | ) |
| **LIMITED PARTNERSHIP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the motion of defendant NationsCredit Financial Services Corporation ("NationsCredit") to dismiss with prejudice all claims filed against it. (Doc. 8). NationsCredit has filed a brief in support of its motion, and the plaintiff has declined the opportunity to respond. (Doc. 22). After carefully considering the foregoing materials, as well as all other relevant materials in the file, the Court concludes that the motion to dismiss is due to be granted in part and denied in part.

## BACKGROUND

The pertinent allegations of the complaint include the following. In 1994, the plaintiff granted NationsCredit a mortgage in certain real property to secure payment of a promissory note. The debt was to be satisfied by 120 equal monthly payments. NationsCredit assigned the loan to another defendant on or about August 7, 1998, and additional assignments occurred. The plaintiff made the 120 monthly payments, but the current assignee nevertheless has demanded additional payments and threatened foreclosure. This action was filed in August 2005.

## DISCUSSION

As noted, the plaintiff has filed no opposition to NationsCredit's motion. Nevertheless, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). Because there is no reason to apply a

different rule with respect to unopposed motions to dismiss, the Court proceeds to consider the merits of NationsCredit's motion.[1]

"A motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004)(internal quotes omitted). "When considering [such] a motion to dismiss, all facts set forth in the plaintiff's complaint are to be are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotes omitted).

### A. Negligence and Wantonness (Counts Two and Three).

NationsCredit correctly notes that the plaintiff's negligence and wantonness claims are governed by a two-year statute of limitations, that Alabama's "discovery" rule does not extend to negligence and wantonness claims,[2] and that causes of action for negligence and wantonness accrue "at the time of the first legal injury" as a result of the defendant's tortious conduct.[3] NationsCredit also correctly notes that, while the complaint alleges that NationsCredit negligently or wantonly failed to account accurately for payments the plaintiff made and imposed interest charges in excess of those authorized by the loan documents and applicable law, it could scarcely have done any such thing after assigning the loan documents in August 1998. Because the complaint establishes that its most recent negligent or wanton conduct occurred seven years before this action was filed, NationsCredit concludes that these claims are barred by the statute of limitations. (Doc. 9 at 4-5).

The necessary but unexamined premise of NationsCredit's argument is that, at the time of its alleged tortious conduct, the plaintiff suffered legal damage sufficient for her negligence and

---

[1] *Cf. Rex v. Monaco Coach*, 2005 WL 3099640 at *1 (11th Cir. 2005)(district abused its discretion by dismissing action with prejudice for failure to respond to motion to dismiss as required by local rule).

[2] *E.g., Sanders v. Peoples Bank & Trust Co.*, 817 So. 2d 683, 686 (Ala. 2001).

[3] *Long v. Jefferson County*, 623 So. 2d 1130, 1137 (Ala. 1993).

wantonness claims to accrue and the limitations period to begin. (Doc. 9 at 5). Alabama law, however, is not so simple. There are situations in which "the act complained of does not itself inflict a legal injury at the time it is done, but plaintiff's injury only follows as a result and a subsequent development of the defendant's act." *Payne v. Alabama Cemetery Association, Inc.*, 413 So. 2d 1067, 1072 (Ala. 1982). In *Payne*, for example, legal injury did not occur when the defendants negligently disposed of the remains of the plaintiff's relative but only when those remains were found to be missing. *Id; see also Ex parte Floyd*, 796 So. 2d 303, 308 (Ala. 2001) (tortious conduct of recording a forged mortgage satisfaction did not trigger limitations period and would not have done so even if the plaintiff had then had knowledge of the recording, absent evidence that it incurred some loss or expense as a result of having that knowledge); *cf. Matthews Brothers Construction Co. v. Stonebrook Development, L.L.C.*, 854 So. 2d 573, 578 (Ala. Civ. App. 2001)(neither nominal damages from the technical violation of a right nor the threat of future actual damages is sufficient to cause a claim for negligence to accrue).

Under the allegations of the complaint, the plaintiff definitely suffered actual damage in 2004, when she completed 120 monthly payments but was required to make additional payments and was subjected to foreclosure. However, NationsCredit has not demonstrated that, considering only the allegations of the complaint, the plaintiff experienced damage sufficient under Alabama law as outlined above to trigger the statute of limitations at some time earlier than August 2003. Indeed, it has not attempted to do so.[4] Accordingly, NationsCredit has not shown itself to be entitled to dismissal of these claims.[5]

---

[4]For example, it may well be that, under Alabama law, the failure to account for payments made, and the imposition of non-contractual charges, does not constitute legal injury until an attempt is made to collect such amounts. Because the complaint alleges that the payments the plaintiff made until early 2004 were the ones called for by the contract documents, it may be that she experienced no legal damage until that time. By articulating this argument, the Court does not suggest that it is correct, only that it exemplifies the issues as to which NationsCredit has failed to come to grips.

[5]The Court has and expresses no opinion as to whether NationsCredit could make such a showing, either on motion to dismiss or on motion for summary judgment. Nor does the Court suggest that the authorities cited above constitute the only ones relevant to the thorny issue of when a negligence or wantonness cause of action accrues. The Court concludes only that NationsCredit has not as yet made the showing necessary to obtain summary dismissal of the

In the alternative, NationsCredit argues that one small portion of the plaintiff's negligence and wantonness claims should be dismissed as resting improperly on Alabama statutes governing allowable interest rates. (Doc. 9 at 6). The complaint alleges in part that NationsCredit imposed "interest charges which [it] knew or should have known are in excess of those authorized by ... applicable law." (Complaint, ¶¶ 20, 23). NationsCredit argues that Alabama Code § 8-8-5(a), which precludes the application of laws prescribing or limiting rates of interest to transactions in which the original principal balance is at least $2,000, deprives the plaintiff of any cause of action based on "applicable law." The implicit but unexamined premise of NationsCredit's argument is that the "applicable law" mentioned in the complaint is the law captured by Section 8-8-5(a). However, the complaint does not specify the "applicable law" at issue, and NationsCredit acknowledges that neither federal law governing interest charges nor Alabama law governing unconscionability is affected by Section 8-8-5. (Doc. 9 at 6-7 & n.3). Because it cannot be determined from the complaint that the plaintiff has no cause of action in negligence or wantonness based on violation of "applicable law," NationsCredit has not shown itself to be entitled to dismissal of this portion of those claims.

### B. Breach of Contract (Count Four).

The plaintiff's breach of contract claim is based on the same conduct as her negligence and wantonness claims. The statute of limitations for such a claim is six years. Ala. Code § 6-2-34(9). In contrast to negligence and wantonness claims, breach of contract claims accrue upon breach, regardless of whether the plaintiff has experienced any legal damage. *E.g., American General Life & Accident Insurance Co. v. Underwood*, 886 So. 2d 807, 813 n.1 (Ala. 2004); *Matthews Brothers Construction v. Stonebrook Development,* 854 So. 2d at 577-78. Because the last date upon which NationsCredit could have breached the contract was seven years before suit was filed, this claim is barred by the statute of limitations.

### C. Fraud (Count Five).

NationsCredit presents a familiar statute of limitations argument. (Doc. 9 at 8-10). The

---

plaintiff's claims.

difficulty is that, as with negligence and wantonness claims, "a fraud claim fully accrues once any legally cognizable damage has proximately resulted ...." *Ex parte Haynes Downard, Andra & Jones, LLP*, 2005 WL 1793348 at *4 (Ala. 2005); *accord* Ala. Code § 6-5-100 ("Fraud by one, accompanied by damage to the party defrauded, in all cases gives a right of action.").  As discussed in Part A, NationsCredit has not attempted to show that the plaintiff experienced any legally cognizable damage prior to 2004.  Accordingly, NationsCredit has not shown that the two-year statute of limitations expired before suit was filed.

      NationsCredit argues that the plaintiff cannot take advantage of Alabama's "discovery" rule for fraud because the complaint does not allege facts supporting application of the rule.  (Doc. 9 at 9 n.4).  The short answer is that resort to the discovery rule is unnecessary when the complaint is filed within two years of accrual of the fraud claim and, as discussed above, NationsCredit has failed to show that the plaintiff's fraud claim accrued before August 2003.  Nor do NationsCredit's authorities stand clearly for the proposition that a federal complaint which fails to allege facts supporting invocation of the discovery rule subjects the complaint to dismissal.[6]

      NationsCredit argues in the alternative that the plaintiff's fraud claim should be dismissed for failure to plead it with the particularity required by Rule 9(b).  (Doc. 9 at 10-11).

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade International, Inc*., 256 F.3d 1194, 1202 (11th Cir. 2001)(internal quotes omitted).  NationsCredit complains that the complaint fails to allege when or where the misrepresentations occurred, who made them, and to whom.  NationsCredit does not assert that the complaint inadequately alleges the content of the representations, the manner in which they

---

[6]NationsCredit has cited two Alabama cases in this regard, without explaining how such a state rule could apply in federal court.  The only federal case cited relies on an Eleventh Circuit opinion which stated only that the plaintiff has the burden of *proof* concerning the discovery rule.  *See First Alabama Bank, N.A. v. First State Insurance Co.*, 899 F.2d 1045, 1054 (11th Cir. 1990).

misled the plaintiff, or what NationsCredit obtained as a consequence of the fraud.  (Doc. 9 at 11).

The complaint alleges that the misrepresentations were contained in the note and mortgage and in the statements periodically issued by NationsCredit.  (Complaint, ¶ 28).  This allegation adequately identifies when and where the misrepresentations occurred, as well as who made them.  The complaint also alleges that these papers were provided to the plaintiff herself, (*id*.), which adequately identifies to whom the misrepresentations were made.

The complaint also alleges that the same misrepresentations were made in unidentified "correspondence" and "during telephone conversations between Plaintiff and representatives of [NationsCredit]."  (Complaint, ¶ 28).  With respect to these versions of the misrepresentations, the complaint does not attempt to identify when or where they occurred or who made them.  To this extent, the complaint fails to satisfy Rule 9(b) as described by *Ziemba*.[7]

"A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Industries America Corp*., 314 F.3d 541, 542 (11th Cir. 2002)(en banc).  Assuming without deciding that *Wagner* applies to dismissals under Rule 9(b),[8] and assuming without deciding that *Wagner* overrules sub silentio *Summer v. Land & Leisure, Inc*., 664 F.2d 965 (5th Cir. 1981),[9] the Court concludes that the plaintiff should be given an opportunity to amend her allegations of fraudulent representations made orally and through correspondence, especially since these allegations represent only a fraction of the plaintiff's fraud claim and since the case is in its infancy.  *Cf. Druskin v. Answerthink, Inc*., 299 F. Supp. 2d 1307, 1322 n.20 (S.D. Fla. 2004)(post-*Wagner*, affording the plaintiffs an opportunity to amend despite their failure to ask for one).

### D.  Other Claims.

---

[7] This ruling profits only NationsCredit, as no other defendant has moved for dismissal.

[8] *Wagner* was decided under Rule 12(b)(6).  *See* 314 F.3d at 541-42.

[9] "[D]ismissal for failure to comply with Rule 9(b) is almost always with leave to amend."  *Id*. at 971.

NationsCredit also moves for dismissal of all claims the plaintiff asserts against it under Counts One, Six, Seven and Eight. (Doc. 9 at 3-4, 11-13). Because the complaint on its face reflects that NationsCredit is not a defendant under these counts, and because the Court cannot dismiss claims that have not been asserted, NationsCredit's motion as to these counts must be denied as moot.

## CONCLUSION

For the reasons set forth above, NationsCredit's motion to dismiss is **granted** with respect to the plaintiff's claim for breach of contract and **granted** with respect to the plaintiff's claim for fraud to the extent that claim is based on oral representations and on written representations in correspondence other than periodic statements from NationsCredit. The plaintiff is **ordered** to file and serve any amended complaint attempting to correct the pleading deficiencies concerning her fraud claim against NationsCredit on or before **February 3, 2006**. In all other respects, NationsCredit's motion to dismiss is **denied**.[10]

DONE and ORDERED this 20th day of January, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[10] The plaintiff's claims have largely escaped dismissal despite her failure to respond to NationsCredit's motion to dismiss. The plaintiff should not read this result as insulating her from sanction should she be shown to have pursued any claim against Nations credit in violation of Rule 11.